### INDUST. COMM. v. TERRELL.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8566. Decided June 18, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**261. COMMON LAW WIFE—1283. Workmen's Compensation.**

Common Law Wife entitled to award by Industrial Commission for balance of sum

not already drawn, that has been awarded to her husband.

Error to Common Pleas.

Judgment affirmed.

Edward C. Turner, Atty. Gen., Columbus, and John A. Elden, Cleveland, for Industrial Com.

Cerrezin & Wilson, Cleveland, for Terrell.

FULL TEXT.

VICKERY, J.

This cause comes into this court on a petition in error to the Common Pleas Court of Cuyahoga County.

In the court below Minnie Terrell took an appeal from the refusal of the Industrial Commission of Ohio to permit her to participate in the fund as the wife of the deceased employee. It seems that Joseph Terrell was an employee of The McKinney Steel Company, which Company was a contributor to the Industrial Commission Fund, and while in the course of his employment he was injured in one of his eyes and he made application for compensation under the rules of the Industrial Commission and was allowed temporary disability. It subsequently developed that the injury resulted in a total loss of the injured eye, and an application was made to the Industrial Commission for a permanent partial disability. This application was granted and he was allowed compensation for $18.75 per week, or two-thirds of his weekly wage, for a period of one hundred weeks, or $1,875.00 in all. Shortly after such award was made to him he died, from a cause not in any way connected with his employment, whereupon an application was made on the part of Minnie Terrell, his wife, for the continuance of the payment to her of the amount allowed to him. After hearing her application the Industrial Commission refused it on the ground that there seems to have been some suspicion that maybe she was not the wife of Terrell, or to use their words:

"The balance of the permanent partial award should not be granted the claimant on the grounds of dependency. Proof of dependency on the part of the alleged common law wife and the alleged adopted son, is not as clear as it might have been reported upon.

"RECOMMENDATION: That the application for rehearing be dismissed and that the claimant be advised that she is entitled to no further consideration; and that the balance of the permanent partial award granted on May 29, 1925, be restored to the fund."

Within the time allowed by law she took an appeal from such refusal to allow her to participate, to the Court of Common Pleas, in which case a jury was waived, and it was submitted to the Court, and the Court having heard the evidence which had been introduced before the Commission, found for the plaintiff and awarded her the balance of the sum not already drawn that had been awarded to the husband. The record in this case shows by evidence that was before the court and had theretofore been before the Commission, beyond question that this man and woman had entered into a contract followed by co-habitation which clearly, under the law of Ohio, made a common law marriage and she was entitled to whatever rights a statutory wife

might have been entitled to, and just why the Commission used the words that they did to dismiss this claim, it is a little difficult to understand. The probabilities are that no case is proven with such exact clearness as one would like, but if lawsuits were dismissed and rights disregarded for such a reason, it would go hard with many of the litigants in our courts.

At any event there was evidence in the record which would show that this woman was a dependent and was the wife of Joseph Terrell, and we see no reason why this amount having been awarded to him, should not be paid to her as his dependent.

We can see no error in the judgment of the Court of Common Pleas and the same will, therefore, be affirmed.

(Sullivan, PJ., and Levine, J., concur.)